In re PORTER.

HANECY v. TAYLOR (two cases).

(Circuit Court of Appeals, Seventh Circuit. May 16, 1918. Rehearing Denied September 6, 1918.)

Nos. 2543, 2560.

BANKRUPTCY ⊜⇒170—ATTORNEY'S FEES—RETURN.

    Where payment by bankrupt to his attorney, in contemplation of bankruptcy and for services rendered or to be rendered in the bankruptcy proceeding, was in excess of the fair and reasonable value of the services rendered, the attorney was properly required to return the excess.

Petition to Review and Revise Order of, and Appeal from, the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Francis G. Porter, bankrupt. Petition by James W. Taylor, trustee in bankruptcy, against Elbridge Hanecy. There was an order in favor of petitioner, and defendant petitions to review

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and revise, and also appeals. Petition to review and revise dismissed, and order affirmed.

William A. Rogan, of Chicago, Ill., for petitioner.

Carlos S. Andrews, of Chicago, Ill., for respondent.

Before BAKER, KOHLSAAT, and EVANS, Circuit Judges.

PER CURIAM. On the hearing upon trustee's petition to have certain moneys paid to him, the referee found that the bankrupt, Porter, had paid his attorney for legal services rendered and to be rendered in the matter of the bankruptcy the sum of $2,491.21; that the maximum reasonable attorney's fees for such services were $500. The referee directed the attorney to pay the excess to the trustee. This order of the referee was duly approved by the District Court, and is here attacked, both by petition to review and revise and by appeal.

Petitioner, Hanecy, asserts that the money was paid to him pursuant to an agreement made shortly before the bankruptcy proceedings were instituted, and the agreement thus made called for services to be by him rendered in matters entirely disconnected with these bankruptcy proceedings; that such petitioner was in fact not even aware that bankruptcy proceedings were contemplated. He also asserts that part of the moneys by him received came directly from the bankrupt's wife, while the trustee contends the property converted into cash, if ever the wife's property, was given by her to her husband, and thereby became a part of the bankrupt's estate. The issues thus presented go to the sufficiency of the evidence to support the findings of the referee, and not to the sufficiency of the findings to support the order.

We have examined the evidence carefully and find it conflicting. Nothing could be gained by setting forth the conflicting statements. We conclude that such evidence amply supports the referee's finding that the payment was made by the bankrupt out of his estate in contemplation of bankruptcy, and was for services rendered or to be rendered such bankrupt in the matter of his bankruptcy proceedings. The amount thus received being in excess of the fair and reasonable value of the services rendered, the recipient was properly required to return the excess.

The petition to review and revise is dismissed, and the order affirmed.