In re James R. BENNETT and
wife, Sandra Annette
Bennett, Debtors.

Bankruptcy No. 585–50129–7.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Nov. 26, 1991.

Floyd D. Holder, Law Offices of Floyd Holder, Lubbock, Tex., Trustee-in-Bankruptcy.

Thomas P. Stamps, Atlanta, Ga., for debtors.

## MEMORANDUM OF OPINION ON DISGORGEMENT OF ATTORNEY FEES

JOHN C. AKARD, Bankruptcy Judge.

### ISSUE

Floyd Holder, Trustee-in-Bankruptcy (Trustee) in the James R. Bennett and wife, Sandra Annette Bennett (Debtors) case, seeks disgorgement of attorney fees from Debtors' attorney, Thomas Paty Stamps (Stamps), in the amount of $20,653.17 pur-

suant to 11 U.S.C. § 329(b)(1). Debtors and Stamps object to Trustee's motion and raise as defenses: that this issue should have been brought as an adversary proceeding and not as a motion; statute of limitations defenses under 11 U.S.C. §§ 549(d) and 550(e); that the Trustee has only a right to a single satisfaction under 11 U.S.C. § 550(c); that the fees paid were not property of the estate; and that the compensation paid is less than the reasonable value of the services performed.[1]

## CONCLUSION

The services of a debtor's attorney must benefit the estate if they are to be paid out of nonexempt estate property. The court has authority to recover attorney fees which are excessive and which were paid from estate property. The evidence is clear that Debtors paid their attorney at least $20,653.17 out of funds which were property of the bankruptcy estate. Payments were made without court authority. Debtors' counsel submitted no fee application for court approval; nor did he file a statement as required by § 329(a) and Fed. R.Bankr.P. 2016(b). The work performed by Debtors' counsel did not benefit the bankruptcy estate. Therefore, Stamps' fees are not compensable out of estate property. The fees Stamps received are property of the estate and must be returned to the Trustee. This does not mean that Debtors' counsel is not entitled to a fee for the work performed for Debtors or that the fees are excessive. However, it does mean that Stamps must look to Debtors' exempt or postpetition property for payment. Trustee's motion is properly before the court and the parties are subject to its jurisdiction.[2] The statute of limitations arguments are without merit. 11 U.S.C. § 550(e) does not apply to the facts of this case and the Debtors and Stamps are equitably estopped from claiming a § 549(d) defense. The money transferred to Stamps

by Debtors is property of the estate and must be returned. The § 550(c) defense is not applicable to the facts of this case because § 550(c) applies to multiple recoveries from multiple transferees. In this case Debtors were the transferor and Stamps was the only transferee.

## FACTS

On April 29, 1985 Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and received a discharge on August 23, 1985. In their bankruptcy petition, item (t) of Schedule B–2 instructed Debtors to list all "[s]tock and interests in incorporated and unincorporated companies. Itemize separately." They responded "none." Question (o) of the same schedule required Debtors to list "[g]overnment and corporate bonds and other negotiable and nonnegotiable instruments." They responded "none." On November 21, 1988 the Debtors filed an amendment to their schedules in which they acknowledged that prior to bankruptcy they had property which was not reflected in prior schedules. Included in this amendment was, inter alia:

A. Four series B subordinated building bonds of American Cotton Growers with a $2,000.00 market value as of the date of filing; and

B. "Approximately 36,920.736 shares of Equity Patronage at $.30 per share" of American Cotton Growers, valued at $11,076.22 as of the date of filing.

On November 21, 1988, Debtors amended their exemptions to claim, as exempt, the American Cotton Growers (ACG) bonds at a value of $1.00 and their "Equity/Patronage/Non–Patronage Distribution Shares" in ACG at a value of $8,297.00. As a result of ACG's sale of its Denim Mill, Debtors received five payments between November 5, 1987 and August 22, 1989 totaling $101,740.20. Trustee sought a judgment

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

2. *This court has jurisdiction of this matter* under 28 U.S.C. § 1334(b),(d), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (E), and (O).

against Debtors and revocation of their discharge because of these and other irregularities. This court found that Debtors acquired property of the estate postpetition and knowingly and fraudulently failed to report the acquisition of that property to the Trustee and knowingly and fraudulently failed to deliver such property to the Trustee. The court granted Trustee's motion to revoke Debtors' discharge. See *Holder v. Bennett (In re Bennett)*, 126 B.R. 869 (Bankr.N.D.Tex.1991). Trustee did not learn that Stamps had been compensated by Debtors until January, 1991 when he reviewed Debtors bank statements and found a check issued to Stamps. The funds deposited into that bank account were traced to the ACG payments paid Debtors.

## DISCUSSION

The primary issue in this case is whether Debtors' attorney, Thomas Paty Stamps, should be required to disgorge the fees he received postpetition from Debtors, which were paid with nonexempt property rightfully belonging to the bankruptcy estate.

### Court's Authority to Review Attorneys' Fees

■■■ Stamps objected to the bankruptcy court obtaining jurisdiction over him in this matter by filing this motion. The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code (Code). § 105(a). In addition, "[n]o provision of [the Code that provides] for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* A bankruptcy court is obligated on its own *motion*, or on the *motion* of any interested party, to examine the compensation given or agreed to be given a debtor's attorney. *In re Leff*, 88 B.R. 105, 106 (Bankr.N.D.Tex.1988) (*emphasis added*). This court has jurisdiction to authorize payment of attorney fees pur-

suant to § 329 and Fed.R.Bankr.P. 2017. Attorneys are amenable to nationwide service of process pursuant to Fed.R.Bankr.P. 7004(d). In addition, Stamps established sufficient minimum contacts with Texas to justify the exercise of federal jurisdiction. Stamps provided services to Debtors who were under the jurisdiction of this court. He accepted fees from these Debtors in reference to a matter that was before this court. Stamps has no basis to argue that he did not subject himself to the jurisdiction of this court when he received attorney fees from the bankruptcy estate. *See Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233 (7th Cir.1990). In *Waterval v. District Court*, 620 P.2d 5 (Colo.1980), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981), the Colorado Supreme Court found a Virginia attorney who established an attorney-client relationship with a plaintiff in Colorado had sufficient contacts with Colorado for Colorado courts to have personal jurisdiction over him. The Code gives this court the power to control the award of attorney fees and authorizes this court to inquire into and limit compensation from any source. § 330(a); *In re Kendavis Industries Int'l, Inc.*, 91 B.R. 742, 747 (Bankr.N.D.Tex.1988). This motion is properly before the court and the court has jurisdiction over the subject matter and the parties.

### Court's Authority to Recover Excessive Attorneys' Fees

■■■ The court has authority to consider the reasonableness of attorney fees and recover any fee that it finds excessive. "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to the estate, if the property transferred would have been property of the estate...." § 329(b). Bankruptcy Rule 2017 and § 329 empower the bankruptcy court to order disgorgement of any portion of an attorney's fee which it finds to be excessive. *Pope v. Knostman (Matter of Lee)*, 884 F.2d 897 (5th Cir.1989). "The avoidance powers of the bankruptcy trustee and the power of the bankruptcy

court to regulate professional services are exclusively geared toward protecting the rights of creditors via protection of the bankruptcy estate." *Palmer & Palmer v. Trustee (Matter of Hargis)*, 887 F.2d 77, 79 (5th Cir.1989). The bankruptcy court is vested with broad equitable discretion to award or deny attorney fees. *Anderson v. Anderson (In re Anderson)*, 936 F.2d 199, 205 (5th Cir.1991). It is clear that if the court finds Stamps' attorneys' fees excessive it may order their disgorgement.

### Services Must Benefit Estate

■ The majority view is that attorneys are not entitled to compensation from the funds of the bankruptcy estate unless those services benefit the estate. *In re Grabill Corp.*, 110 B.R. 356, 359 (Bankr. N.D.Ill.1990) (citing a long list of cases supporting this general rule). "The clear weight of authority supports the proposition that reasonable compensation under § 330(a)(1) for actual, necessary services means services that benefit the debtor's estate, not the debtor." *Stewart v. Law Offices of Dennis Olson*, 93 B.R. 91 (N.D.Tex.1988). *See also, Soteres v. Scroggins (In re Orbit Liquor Store)*, 439 F.2d 1351, 1354 (5th Cir.1971) (stating that "legal services designed to benefit the bankrupt personally may not be compensable out of the estate."); *In re Holden*, 101 B.R. 573, 574–576 (Bankr.N.D.Iowa 1989); *In re Leff*, 88 B.R. 105, 108 (Bankr. N.D.Tex.1988); *In re Howerton*, 23 B.R. 58, 59 (Bankr.N.D.Tex.1982).

*In re Leff* defined the types of services for which a Chapter 7 debtor's counsel is entitled to receive compensation. The *Leff* Court said, "Specifically, a Chapter 7 debtor's counsel is entitled to compensation from the estate 'for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition [and required schedules and statements]; and representing the debtor at the Section 341 meeting.' ... Although this list of compensable tasks is not exclusive, counsel for a Chapter 7 debtor may not be compensated from the estate for other ser-

vices unless he shows that his services benefited the estate." 88 B.R. at 108–109 (citations omitted). Other courts reached the same conclusion. *See, e.g., Canatella v. Towers (In re Alcala)*, 918 F.2d 99 (9th Cir.1990) (stating that an attorney retained by Chapter 7 debtors postpetition, who had never been employed by trustee and had consistently maintained positions adverse to those of trustee, was not entitled to be compensated from bankruptcy estate); *Baehr v. Beasley (In re Trinsey)*, 121 B.R. 462 (Bankr.E.D.Pa.1991) (finding that an attorney could keep money paid that was determined to be property of the estate only if he could prove his services benefited the estate).

■ Attorneys' fees related to defending against objections to a discharge are not payable out of the estate. This view is the rule in the Fifth Circuit. *In re Jones*, 665 F.2d 60 (5th Cir.1982) (per curiam). "A Chapter 7 debtor's counsel must look to the debtor's exempt property and post-petition earnings to be compensated for ... services [that only benefit the debtor]." 88 B.R. at 109. In this case, the services performed by Stamps for Debtors were for their benefit and not for the benefit of the estate. Clearly, the services provided by Stamps involved trying to fight off the Trustee's complaint to revoke Debtors' discharge. They were directed at maximizing the amount of ACG's distribution which Debtors would be able to keep and minimizing the amount that would go to creditors. The fact that the services performed by Stamps did not benefit the estate is sufficient reason to authorize disgorgement.

### Court Approval of Fee Application Required

■ The Federal Rules of Bankruptcy Procedure require every debtor's attorney to comply with certain procedures. These requirements are mandatory, not permissive. Every attorney for a debtor is required to submit to the United States Trustee a statement required by § 329 and Fed.R.Bankr.P. 2016(b). The statement must include whether the attorney shared

or agreed to share compensation. *Id.* This rule also requires every attorney for the debtor to file a statement *"within 15 days after any payment* or agreement not previously disclosed." *Id.* (emphasis added). Section 329 of the Code requires any attorney representing a debtor in a case under the Bankruptcy Code to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition ... and the source of such compensation." § 329(a).

Stamps never complied with any of these mandatory requirements.

The relevant statutory provisions are not ambiguous. Bankruptcy Code § 329 leaves no doubt that counsel for a debtor must disclose the compensation paid or agreed to be paid, regardless of the source. In addition, § 329 unequivocally grants the Court the power to review *and order the return* of any payment made within one year of the filing of the petition, *regardless of the source.* Moreover, any agreement concerning compensation executed *may be cancelled* by the Court.

*In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 572 (Bankr.N.D.Tex.1986). "[A] ground for denial of fees is failure to comply with the disclosure requirements of the Code and Rules." *Pierson & Gaylen v. Creel & Atwood (Matter of Consolidated Bancshares, Inc.),* 785 F.2d 1249, 1256 n. 7 (5th Cir.1986) (citation omitted).

The *Kendavis* Court said "if it is shown that the payments [to debtor's counsel] were made with property of the estate, disallowance of the fees could provide an appropriate remedy." 91 B.R. at 759. "Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." S.Rep. No. 95–989, 95th Cong., 2d Sess. 39 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5825. It is well established that, absent compliance with the Bankruptcy Code and Rules, an attorney has no absolute right to an award of compensation. This is particularly true when an attorney fails to seek prior court approval of employment or fee distribution. See *Continental Illinois Nat'l Bank & Trust Co. v. Charles N. Wooten, Ltd. (Matter of Evangeline Refining Co.),* 890 F.2d 1312 (5th Cir.1989); *Lavender v. Wood Law Firm,* 785 F.2d 247 (8th Cir. 1986); *In Re Chambers,* 76 B.R. 194 (Bankr.M.D.Fla.1987). The *Anderson* Court held that the bankruptcy court would have been justified in denying counsel for the Chapter 7 debtor any fees whatsoever based on his violation of the Bankruptcy Code and Rules in accepting a $10,000 fee without prior approval or notice to the bankruptcy court. 936 F.2d 199. In *Matter of Arlan's Dept. Stores, Inc.,* 615 F.2d 925 (2d Cir.1979) attorneys' fees were traced to debtor and were never disclosed. The *Arlan's* Court held that an attorney who seeks a fee in a bankruptcy matter has a fiduciary obligation to the court and that the bankruptcy court has the inherent power to deny fees and disbursements when serious breaches of fiduciary obligations occur. *Id.* at 943–944.

Stamps should be denied compensation out of property of the estate because of his breach of fiduciary duty to the court and his failure to comply with the requirements of the Code and Rules.

### Property of the Estate

Under the Code, the court has exclusive jurisdiction of all property of the Debtors and the bankruptcy estate, wherever located, as of the commencement of the case. 28 U.S.C. § 1334(d). Property of the estate is defined by the Code as "comprised of ... property, wherever located and by whomever held ... [including] ... all legal or equitable interests of the debtor ... in property as of the commencement of the case[, a]ny interest in property that the trustee recovers under section 329(b) ... of this title[, and a]ny interest in property that the estate acquires after the commencement of the case." § 541(a). Debtors had an interest in ACG's denim mill

through bonds and shares they held at the time they filed for bankruptcy. The payments which they received postpetition from ACG were rightfully property of the estate.

"The Bankruptcy Code provides that a debtor's estate consists of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' Congress intended for this section to be construed broadly." 88 B.R. at 107. (*citing Wilson v. United Savings (In re Missionary Baptist Foundation of America, Inc.)*, 792 F.2d 502, 504 (5th Cir.1986).) "[I]f a debtor has more than a 'minimal' equitable interest in the property in question, the property in its entirety is property of the debtor's estate." 88 B.R. at 108. Upon reviewing Debtors' bank account records, the Trustee found that the monies received by Debtors from ACG were the same funds on which a check was drawn payable to Stamps. There was sufficient evidence presented to the court to show that Stamps' fee payment, in the amount of $20,653.17, is property of Debtors' estate.

### Respondent's Other Defenses

The Debtors and Stamps raised several defenses to Trustee's Motion to Recover Debtor's Payments to Counsel. Each of these defenses is addressed in turn. First, they raised the defense of statute of limitations under §§ 549(d) and 550(e). Their statute of limitations argument fails on several grounds. First, § 329 and Fed. R.Bankr.P. 2017 are sufficient authority for this court to order disgorgement of attorney fees. There is no statute of limitations applicable to a § 329(b) motion for recovery of attorney fees.

### The Section 550(e) Statute of Limitations

Debtors and Stamps plead as a defense to Trustee's motion the statute of limitations imposed by § 550(e) which provides that "[a]n action or proceeding under this section may not be commenced after the earlier of—(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed." The

"date of discharge is irrelevant to the time limit in which a Chapter 7 trustee's actions to recover postpetition transfers from payees may be brought. Rather, a trustee is entitled to sue for recovery of transfers at any time before the case is closed, or before one year after avoidance of transfer, whichever occurs sooner." *Ross v. Mitchell (In re Dietz)*, 914 F.2d 161, 164 (9th Cir.1990). Since this case is neither closed nor dismissed, the statute of limitations must run from "one year after the avoidance of the transfer on account of which recovery under this section is sought." § 550(e)(1). The transfer at issue is the transfer of funds from Debtors to Stamps. The motion under consideration by this court is the "avoidance" action from which the statute of limitations must run. Since the transfer is avoided by the granting of the motion, the statute of limitations has just begun to run. Therefore, the § 550(e) limitations does not apply to the facts in this case.

### The Section 549(d) Statute of Limitations

The Trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized under the Code or by the court. § 549(a). However, § 549 also provides that an action to recover a postpetition transfer of property must be commenced within two years after the date of the transfer sought to be avoided. § 549(d)(1). Under appropriate circumstances, the statute of limitations may be tolled by the inequitable conduct of the parties. "Courts have invoked the doctrine of equitable estoppel to bar a defendant from asserting a statute of limitations defense where the claimant was aware of the existence of a federal cause of action, but because of the defendant's representations, the claimant failed to file an action within the act's limitations period." *Smith v. Mark Twain Nat'l Bank*, 805 F.2d 278, 293 (8th Cir. 1986) (citations omitted) (applying the doctrine of equitable estoppel to § 549(d)). *See also Lai v. Zane (In re Fan)*, 132 B.R. 430 (Bankr.D.Hawaii 1991) (holding the § 549(d) statute of limitations tolled because of inequitable conduct).

"[I]n suits in equity, the decided weight of authority is in favor of the proposition that where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.... To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the Statute of Limitations to protect it, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure. And we see no reason why the principle should not be as applicable to suits tried on the common law side of the court's calendar as to those on the equity side.... [W]e hold that when there has been no negligence or laches on the part of the plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to the party suing, or those in privity with him...."

*Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 348, 22 L.Ed. 636 (1875).

■ Stamps did not cooperate with the Trustee in determining the extent of the property which Debtors received from ACG postpetition. In addition, Stamps did not and still has not complied with the disclosure requirements of § 329 and Fed. R.Bankr.P. 2016. If he had, the Trustee would have been put on notice. Therefore, Debtors and Stamps are barred from raising the § 549(d) statute of limitations defense because of their inequitable conduct.

■ Fraudulent concealment is a counter defense to the statute of limitations defense. *Professional Geophysics, Inc. v. Placid Oil Co. (Matter of Placid Oil Co.)*, 932 F.2d 394 (5th Cir.1991). Under Texas law, knowledge of facts that would lead a reasonable person to undertake further inquiry is sufficient to begin the limitations period. *Id.* at 398. Since the Debtors' interest in ACG was concealed from the Trustee in their original bankruptcy petition and payment of attorneys' fees was never reported by Stamps as required by the Code, the Trustee had insufficient notice to put him on inquiry. Fraudulent concealment tolled the statute of limitations.

### Section 550(c) Single Satisfaction

■ Section 550 applies to the liability of a transferee of an avoided transfer. It involves the liability of the immediate transferee and any subsequent transferees. It does not address the liability of the transferor. Subsection (c) limits recovery by the trustee to one transferee. "In order for the transferee to be excepted from liability under this paragraph, he himself must be a good faith transferee. Subsection (c) is a further limitation on recovery. It specifies that the trustee is entitled to only one satisfactory (sic), under subsection (a), even if more than one transferee is liable." H.R.Rep. No. 595, 95th Cong., 1st Sess. 375–376 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 90 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 6332. Section 550(c) limits Trustee to a single recovery as between two transferees. It does not protect a single transferee. *Sims v. De Armond (In re Lendvest Mortgage, Inc.)*, 123 B.R. 623 (Bankr. N.D.Cal.1991); *Friedman v. Luengo (In re South Florida Title, Inc.)*, 104 B.R. 489 (Bankr.S.D.Fla.1989); *Campbell v. SBA (In re Jameson's Foods, Inc.)*, 35 B.R. 433 (Bankr.D.S.C.1983). In this case Debtors were the transferor and Stamps was the one and only transferee. The Trustee is entitled to recover from either Debtors or Stamps.

The Trustee's motion is granted and he is allowed a judgment against Stamps in the amount of $20,653.17. If Trustee recovers the full amount of the judgment from Debtors, then and only then may Stamps'

judgment be excused.[3]

---

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.