United States Court of Appeals,

Fifth Circuit.

No. 93-5467.

In the Matter of Daisy M. PRUDHOMME and John and Kathleen Batten, Debtors.

John F. ARENS, Appellant,

v.

Al BOUGHTON, Trustee, et al., Appellees.

Feb. 7, 1995.

Appeal from the United States District Court for the Western District of Louisiana.

Before DAVIS, JONES and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The bankruptcy court required Appellant John Arens to disgorge a $75,000 retainer he received for legal services and to pay that amount to the plan trustee in these two Chapter 11 cases. Appellee Farm Credit Bank had moved for disgorgement of the fee, and the United States Trustee moved for examination of debtors' transactions with their attorneys. After an evidentiary hearing, the bankruptcy court ordered disgorgement of the full retainer. The court found that the fee was paid in contemplation of bankruptcy, that it was excessive, and that the Arens firm (a sole proprietorship owned by Arens) consciously breached its duty to disclose the retainer fee as well as a contingency interest in the debtor's cause of action 152 B.R. 91. The district court affirmed, and we too affirm.

At issue in Arens's appeal are 1) the court's power to reach a fee paid or agreed to be paid more than one year before the

bankruptcy petitions were filed and 2) whether the fee was paid in contemplation of or in connection with the bankruptcy cases.

## I.

The Bankruptcy Code requires a debtor's attorney to report to the court compensation paid or agreed to be paid for services rendered "in contemplation of or in connection with" the case, "if such payment or agreement was made after one year before the date of the filing of the petition." 11 U.S.C. § 329(a). The Code further provides, "If such compensation exceeds the reasonable value of any such services, the court may ... order the return of any such payment, to the extent excessive." *Id.* § 329(b). Arens first complains that the court erred in reaching back more than a year prepetition because of the one-year period in § 329(a).

The debtors paid $50,000 as a first installment of Arens' retainer charge in February 1990; a year later they paid the $25,000 balance. The retainer agreement also allowed the firm a 40 per cent contingency fee if the firm were successful in pursuing a lender liability action against the debtors' major creditor, Farm Credit Bank. In July 1991 the firm filed Prudhomme's Chapter 11 petition, and in October 1991, the Battens'. Because payment of the $25,000 was made within a year of the filing of the petitions, that part of the compensation plainly falls within § 329(a), regardless of when the agreement was made. Arens's one-year argument fails with respect to disgorgement of that.

With respect to the remaining $50,000 ordered disgorged, we find the bankruptcy court's decision supportable on a number of alternative grounds. First, we agree with Appellees that § 329(a)

and related provisions do not provide a limitations period beyond which the court cannot reach. The reporting requirement of § 329(a) does not expressly provide a limitations period for disgorgement. *Compare* 11 U.S.C. § 329 (requiring reporting of payments made within the year) *with id.* §§ 550(e), 549(d)(1) (specifically providing that an action "may not be commenced after" the respective time periods). Nor does § 329(b) authorizing disgorgement of excessive fees specify a limitations period. *See In re Bennett,* 133 B.R. 374, 380 (Bankr.N.D.Tex.1991) (no statute of limitations on motion for recovery of attorney fees).

Additionally, a bankruptcy rule allows the court to determine "whether *any* payment of money ... by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code ... to an attorney for services rendered or to be rendered is excessive." Bankr.R.Proc. 2017(a) (emphasis added). The rule plainly contains no one-year limitation period. The court determined under this rule that the fee was excessive,[1] and the remedy for excessiveness is return of any payment to the extent it exceeds the reasonable value of services rendered. 11 U.S.C. § 329(b); 8 *Collier on Bankruptcy,* para. 2017.06[1] at 2017-11 (15th ed. 1994); *In re Porter,* 253 F. 552, 553 (7th Cir.1918), *cert. denied,* 248 U.S. 585, 39 S.Ct. 182, 63 L.Ed. 433 (1919).

Further support for the bankruptcy court's ruling lies in a

---

[1]Ample evidence showed that the Arens firm did not render any services that benefited any of the debtors or their estates, that the firm's services were unsatisfactory, and that counsel hurt the debtors more than helped them. (Arens's belatedly offered time sheets suggesting how the fees were earned pre-petition were appropriately stricken.) Accordingly, the court did not clearly err in finding the fee unreasonable.

renowned treatise which recognizes that the one-year period mentioned in § 329(a) is based on the "apparent presumption" that any compensation paid before the year prepetition was not for services rendered in contemplation of bankruptcy. 2 *Collier,* para. 329.03 at 329-12. To recognize that the one-year period is based on a presumption is to suggest that the presumption can be rebutted, as the bankruptcy court reasoned. *See* 2 R. 309 (finding presumption rebutted by fraud or concealment). The court's treatment of the one-year period in § 329(a) as a presumption rebutted by fraud or concealment is consonant with the principle that, in a court of equity, a statute of limitations may be tolled by the inequitable conduct of the parties. *See Bennett,* 133 B.R. at 380-81 (quoting *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 348, 22 L.Ed. 636 (1875)). The court found a pattern of nondisclosure in both cases.[2] We hold that such concealment was misconduct

---

[2]This finding is also amply supported by the record. Bankruptcy Rule 2014(a) requires an attorney applying for employment to disclose the compensation arrangements and "all connections" with the debtor. Local Rule 4.0(9) requires a lawyer applying for appointment to disclose any compensation received in the 18-month period prepetition. If the firm had filed the scheduled required by Local Rule 4.0, it would have disclosed the $50,000 payment as well as the $25,000 in Ms. Prudhomme's case (because both were paid within 18 months of her petition).

The firm divulged in the statements of financial affairs in the bankruptcy cases the $25,000 payment to Arens but never disclosed the earlier $50,000 payment. The debtors testified that Arens requested payment of the $25,000 balance so that he could advise the bankruptcy court that nothing was owed.

When seeking to enroll as counsel in these cases, various lawyers from the Arens firm swore that they were disinterested, despite the firm's 40 per cent interest in the debtor's cause of action. Their applications for appointment did not disclose the retainer or contingency

justifying the disgorgement even if § 329(a) would otherwise preclude recovery of fees paid earlier than one year prepetition.

Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure. *See* 11 U.S.C. §§ 327, 1107(a) (requiring court approval before debtor-in-possession may employ counsel); *id.* § 330(a) (requiring court approval of professional fees); *Woods v. City Nat'l Bank & Trust Co.,* 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941) (using denial of compensation as tool for strict enforcement of conflict-of-interest rules); *Anderson v. Anderson (In re Anderson),* 936 F.2d 199, 204 (5th Cir.1991) (recognizing bankruptcy court's broad discretion as court of equity to grant or deny fees and noting that attorney has no absolute right to fee award absent compliance with Code and rules); *In re Key Largo Land, Inc.,* 158 B.R. 883, 884 (Bankr.S.D.Fla.1993) (recognizing that any payment to debtor's attorney, regardless of the source, is reviewable by the bankruptcy court); *see also Futuronics Corp. v. Arutt, Nachamie, & Benjamin (In re Futuronics Corp.),* 655 F.2d 463, 469-71 (2d Cir.1981) (holding that total denial of compensation is the only appropriate sanction for nondisclosure of all facts bearing upon counsel's

---

fee. The contingency arrangement was disclosed belatedly in the Battens' second amended disclosure statement six months after the Battens' petition was filed—never in the Prudhomme case. One affiant swore that he advised the debtor of the firm's willingness to serve as counsel upon the debtor's agreement to pay the firm's hourly fees, but the debtors testified that they made no agreement regarding hourly fees.

eligibility and all connections with debtor, including counsel's retainer agreement), *cert. denied,* 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Arlan's Dept. Stores, Inc.,* 615 F.2d 925, 937-38 (2d Cir.1979) (finding no abuse of discretion in court's order of disgorgement of all fees where counsel failed to divulge all connections with debtor and to disclose all fees); *In re Crimson Investments, N.V.,* 109 B.R. 397, 401 (Bankr.D.Az.1989) (redressing counsel's lack of candor in failing to disclose retainers with the "only remedy"—immediate turnover of entire retainer to the estate).

A final ground to support disgorgement of the $50,000 is discussed in part III of this opinion.

## II.

Arens also argues that the retainer was not paid "in contemplation of bankruptcy" as is required for disgorgement. *See* 11 U.S.C. § 329(a) (requiring disclosure of fees paid or agreed within one year prepetition for services "in contemplation of or in connection with the case"). The court was faced with evidence suggesting that the debtors were in desperate financial straits when they first consulted Arens, that they sought representation in resolving their disputes with their largest creditor, and that they had been unsuccessful in restructuring debt. This evidence supports the court's finding that the fee was paid in contemplation of or in connection with the case. Arens fails to show that the court's finding was clearly erroneous.

## III.

Regardless of Arens's limitations argument and regardless of

whether fees were paid in contemplation of bankruptcy, one final theory of recovery supports the court's order of disgorgement. If a debtor retains an equitable interest in an unearned prepetition retainer, the unearned portion becomes property of the estate upon the filing of the petition for bankruptcy. *See* 11 U.S.C. § 541(a)(1) (equitable interests of the debtor become property of estate); *In re Mondie Forge Co.,* 154 B.R. 232, 238 (Bankr.N.D.Ohio 1993) (if debtor has legal or equitable interest in unearned retainer under applicable state law, then unearned retainer becomes estate property). Under Louisiana law the unearned portion of retainer fees are client funds and must be held by the lawyer in trust for the client. *Louisiana State Bar Ass'n v. Kilgarlin,* 550 So.2d 600, 605 n. 10 (La.1989). An unearned retainer cannot be used by the attorney until a fee request is first allowed by the bankruptcy court. *See In re Chapel Gate Apts., Ltd.,* 64 B.R. 569, 574-75 (Bankr.N.D.Tex.1986) (drawing on prepetition retainer without approval of bankruptcy court preempts court's power to determine reasonableness and legality of fees; violations of § 329 and Rule 2016 subject counsel to order of disgorgement); *see also Crimson,* 109 B.R. at 402 (ordering surrender of unearned retainer because of counsel's failure to disclose source of compensation).

Attorneys must prove their entitlement to compensation before the bankruptcy court will order a fee award. *See Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.),* 639 F.2d 1197, 1207 (5th Cir.1981) (burden is on person seeking compensation to establish value of his services). Because the entire retainer was unearned and Arens did not prove entitlement to be paid therefrom,

the court properly ordered the entire retainer disgorged.

                              IV.

In view of the alternative grounds supporting the order of disgorgement, the district court order affirming the bankruptcy court is

AFFIRMED.