In re Allen Lee SMITH and
Juli A. Smith, Debtors.

Paul B. Newman, Appellant,

v.

Allen Lee Smith and Juli
A. Smith, Appellees.

Bankruptcy No. GG99–7773.
No. 1:00CV580.

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 13, 2000.

Paul B. Newman, Newaygo, MI, appellant pro se.

Robert A. Stariha, Stariha Law Offices, Fremont, MI, for Allen Lee Smith, Juli A. Smith, appellees.

Allen Lee Smith, Grant, MI, debtor pro se.

Juli A. Smith, Grant, MI, debtor pro se.

## *OPINION*

HILLMAN, Senior District Judge.

This case is before the court on appeal of the bankruptcy court's denial of an application for attorney fees by debtor's prior counsel, Paul Newman. For the reasons that follow, the decision of the bankruptcy judge is affirmed in part and reversed in part and the case is remanded for further proceedings consistent with this opinion.

### I.

Appellant Newman is the former counsel to debtor appellees, Allen and Juli Smith. On September 28, 1999, Newman filed a Chapter 13 petition, which was incomplete at the time of filing. Newman states that his clients had promised to provide him the necessary paperwork and that he repeatedly attempted to get the documents he needed to perfect his filing. Despite his attempts, numerous delays occurred, including delays in the first meeting of creditors, the filing of schedules and the filing of a reorganization plan. Upon motion, the court granted two extensions for filing. The trustee moved for dismissal of the petition for failure to file timely schedules and reorganization plan. Not until November 16, 1999—the date scheduled for hearing on the motion to dismiss— were the plan and schedules filed. The motion to dismiss the petition was then denied as moot.

In February 2000, Newman filed a motion for issuance of an order to mortgagee to turn over funds held in escrow to the debtors. The court noticed a hearing on the motion for April 18, 2000, which was later continued to May 2, 2000. The motion ultimately was withdrawn on the date of the hearing.

In the interim, debtors substituted new counsel in the action on April 3, 2000. On May 1, 2000, Newman filed a motion with the bankruptcy court, requesting a total of

$6,743.64 in fees and costs. The attorney fee request listed a total of 42.5 attorney hours at $150 per hour.

Debtors filed objections to the amount of fees. In their objections, debtors contended that the fees requested were unreasonable. New counsel for debtors specifically challenged 22.5 hours of time requested by Newman. In addition, new counsel challenged fees related to the filing of the motion to turn over the escrow account, an account that undisputedly did not exist under the terms of the mortgage loan with debtors. Finally, new counsel contended that the amount of fees and costs sought by Newman was not reasonable and that the services for which fees were sought did not inure to the benefit of the debtors or their Chapter 13 estate.

After receiving the debtors' objections, appellant amended downward his request for fees to $4,880.00. Appellant also responded that the problems in filing and the unnecessary motion were caused by debtors' failure to deliver as promised the necessary documentation to support the petition.

At the hearing on the fee application, appellees continued to object to the amount of fees, contending that most of the hours billed should never have been expended. Appellees then relied upon their response and asked the court for a determination of reasonableness. In addition, appellees noted an intent to concur with the position to be argued by one of the creditors. Counsel for that creditor argued that, "while her client is not adversely impacted by his fees, the majority of the work done that I believe has been charged in excess or should not have been done, centered around my client. The motion for turnover of funds for an escrow that ... should never have been filed." (Tr. pp. 4–5.) She also argued that the hourly rate charged by appellant was excessive.

At the hearing, the bankruptcy judge considered each billing entry by Newman and determined that only 19.5 hours of the total 40.5 originally requested were for time that reasonably could be counted for reimbursement. The bankruptcy judge also determined that the requested hourly rate of $150 was excessive, given the poor quality of counsel's representation. Judge Gregg concluded that $100 per hour was the maximum that could be justified on the quality of Newman's representation. As a result, Judge Gregg determined that the most that could reasonably be awarded to Newman would be $1,950 in attorney fees plus $368.64 in costs, for a total of $2,306.64.

Having made the specific reductions in time and rate, however, the bankruptcy judge declined to award any fees or costs, holding that Newman never should have filed the petition without first seeing the mortgage documents involved:

> I'm not awarding anything. I'm awarding nothing. And the reason for that is that, at the beginning of this case, Mr. Newman did not adequately obtain information to be able to file a petition and represent these clients. There should have never been a petition filed in this case by Mr. Newman. The only possible fees that should have been charged, if things had been done correctly, would have been for the initial meeting when Mr. Newman would say, bring your documents to me, let me look at them, and if they did not bring the documents in, there should not have been a case filed.
>
> This case, in my view, is an example of—I don't want to use too strong of a word here, but I'm going to, incompetence or, from my point of view, violation of Rule 11 on making a reasonable investigation as to the facts before papers are filed with the court.

(Tr. p. 30.)

## II.

On appeal, Newman raises two arguments. First, he contends the bankruptcy judge abused his discretion in denying all

attorney fees by both sanctioning him without a hearing and by making clearly erroneous determinations of fact. Second, he contends that the bankruptcy judge's alternative holding reducing appellant's hourly rate was an abuse of discretion because it applied the wrong law and rested on a clearly erroneous finding of fact.

## A. *Standard of Review*

■■■ The district court ordinarily reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo. *In re Baker & Getty Fin. Servs., Inc.,* 106 F.3d 1255, 1259 (6th Cir.) (citing FED. R.BANKR.P. 8013), *cert. denied,* 522 U.S. 816, 118 S.Ct. 65, 139 L.Ed.2d 27 (1997). "A factual finding will only be clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Rembert,* 141 F.3d 277, 280 (6th Cir.1998) (quoting *United States v. Ayen,* 997 F.2d 1150, 1152 (6th Cir.1993) (citations and quotation omitted)).

■■■ The court will review a bankruptcy court's determination of attorney's fees for an abuse of discretion. *See In re Boddy,* 950 F.2d 334, 336 (6th Cir.1991); *In re Kula,* 213 B.R. 729, 735 (8th Cir. BAP 1997); *In re Prince,* 40 F.3d 356, 359 (11th Cir.1994); *In re Anderson,* 936 F.2d 199, 203 (5th Cir.1991). "An abuse of discretion occurs in this context 'if the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'" *Kula,* 213 B.R. at 735 (quoting *In re Ceresota Mill Ltd. Partnership,* 211 B.R. 315 (8th Cir. BAP 1997)). Finally, the court's review "is limited in deference to the bankruptcy judge's familiarity with the work performed by the professional." *In re McKeeman,* 236 B.R. 667, 670 (8th Cir. BAP 1999).

## B. *Denial of Fee Award*

■■■ Under 11 U.S.C. § 330(a)(4)(B):

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

*Id.* Under § 330(a)(3), in determining the amount of reasonable compensation to be ordered, the court is directed to take into account "all relevant factors", including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.*

Courts routinely have held that a bankruptcy court's discretion in awarding fees is broad, extending to authority to deny fees in their entirety or to disgorge prepetition retainers for failures to observe the strictures of the statute. *See, e.g., In re Downs,* 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully.").

*See also In re Lewis,* 113 F.3d 1040, 1045 (9th Cir.1997); *In re Prudhomme,* 43 F.3d 1000, 1003–04 (5th Cir.1995) (listing cases). Typically, however, cases warranting denial of all fees have involved either improper conflicts of interest or failure to disclose compensation arrangements as required by Bankr.Rule 2014(a) and 11 U.S.C. § 329. *See, e.g., Downs,* 103 F.3d at 479; *Lewis,* 113 F.3d at 1045.

I find no cases in which attorney fees have been entirely disallowed because counsel failed to do a proper investigation before filing a petition. Arguably, the rationale applied by the court in *Prudhomme* in refusing to award all fees would support a refusal to award fees on the basis of incompetence as well as conflict of interest. In *Prudhomme,* the court held that the bankruptcy court had authority to deny all fees, and attorneys seeking fees under the code had no absolute right to a fee award. *Prudhomme,* 43 F.3d at 1004. The court noted that § 330(a) of the code conferred broad discretion on a bankruptcy court in awarding and denying fees. *Id.* at 1103–04.

Newman argues, however, that the bankruptcy judge specifically referred to FED.R.BANKR.P. 9011 and based his denial of fees on the requirement of adequate investigation set forth in that rule. Newman contends that sanctioning for violations of FED.R.BANKR.P. 9011 without complying with the strictures of Rule 9011 is impermissible. Instead, Rule 9011 requires that the court issue a show-cause order outlining the basis of any proposed sanction. Only after notice and hearing may the court impose sanctions for violations of the rule. *See* FED.R.BANKR.P. 9011 (requiring notice and hearing); *In re Ames Dept. Stores, Inc.,* 76 F.3d 66, 71 (2d Cir. 1996) '(due process requires that courts provide notice and an opportunity to be heard before any sanction issues).

▮ The bankruptcy judge did not expressly make his decision under Rule 9011. Instead, he made a two-pronged finding that Newman's performance amounted to "incompetence or, from my view, violation of Rule 11 on making a reasonable investigation. . . ." A reading of the bankruptcy judge's ruling arguably may be viewed as a determination by the bankruptcy judge that the problems and expenses incurred in the case were intimately connected with the failure to investigate and timely obtain the documents, a determination that arguably comports with the overall requirement under § 330 that the court determine the necessity and reasonableness of any fees. In other words, the bankruptcy court's conclusion that the petition should not have been filed by Newman without possession of the supporting documents arguably may be considered a conclusion that the fees and expenses were not for the benefit of the estate and were not necessary to the debtor at the time they were rendered. *See* 11 U.S.C. § 330(a)(4)(b) (directing court to permit an award of debtor attorney fees "based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."); *In re Lederman Enters., Inc.,* 997 F.2d 1321, 1323 (10th Cir.1993) (recognizing that the beneficial nature of the services must be determined before a reasonableness inquiry may be applied).

That interpretation, however, does not fully comport with the tenor of the hearing. While the bankruptcy court did not state that it was sanctioning Newman's conduct, it implied that the refusal to award fees was a sanction, not a determination that the services rendered were not beneficial to the estate at the time they were completed. Although Newman was on notice that numerous billing entries were likely to be excluded, he did not have notice that the bankruptcy court was considering refusing to award all fees because the court considered the filing of the petition to have been made upon inadequate investigation. *See In re Sandoval,* 186 B.R. 490 (9th Cir. BAP 1995) (although attorney was on notice that debtors had requested sanctions for filing of frivolous

appeal, he was not on notice that Rule 9011 sanctions for failure to make reasonable inquiry were contemplated); *cf. In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 846–47 (3d Cir.1994) (holding that for hearing on fee request under 11 U.S.C. § 330 to be meaningful, court should apprise petitioner of questions and objections it harbors). At the hearing, the court inquired of counsel about what he had done before filing, what documents he had reviewed, and what support he had for the motion to release escrow. Nevertheless, counsel was unaware of the sanction being contemplated by the court and was unaware before the hearing that proofs of his investigation of the claim would be required.

This case is distinguishable from *In re Lederman Enters., Inc.,* 997 F.2d at 1323–24. In *Lederman,* the court held that the refusal to award fees was proper because the debtors' attorney should have been aware before filing that development and completion of a reorganization plan would not be possible. In such event, the *Lederman* court held, the decision to deny fees could not be considered a penalty, but instead was not necessary within the meaning of the statute. *Id.* at 1324; *see also In re King,* 96 B.R. 206, 208 (W.D.Mo. 1989) (fees disallowed because counsel knew or should have known that reorganization was never a viable possibility); *In re Casco Fashions, Inc.,* 490 F.2d 1197, 1204 (2d Cir.1973) (fees will not be awarded "if a court finds that [the] proceeding was filed without any reasonable prospect of success").

Here, in contrast, while the bankruptcy judge ruled that the petition should not have been filed by Newman, that ruling suggested that the reason the petition should not have been filed was that Newman did not have the information he needed to file, not that a filing would have been futile because reorganization was never a viable possibility. *See Lederman,* 997 F.2d at 1324. Indeed, the bankruptcy proceeding continued with new counsel after

Newman withdrew and, at the time of the oral argument on the petition for attorney fees, a reorganization plan was pending. As of the time of oral argument on this appeal, the reorganization plan had been approved.

As a result, I conclude that the denial of all fees must be considered a sanction. *See Ames Dep't Stores,* 76 F.3d at 70 (holding that denial of all fees amounted to sanction). The bankruptcy court unquestionably and understandably was frustrated with the needless spinning of wheels occasioned by Newman's failures to complete schedules and a reorganization plan in a timely fashion, and he also may have had reason to believe that Newman failed to investigate adequately the information necessary for filing of both the petition and the motion to release escrow. Nevertheless, before being sanctioned, Newman was entitled to notice of and hearing on the contemplated sanction. *See Ames Dep't Stores,* 76 F.3d at 70 (requiring notice and hearing before any sanction); *In re Stein,* 127 F.3d 292, 294–95 (2d Cir. 1997); *Martin v. Brown,* 63 F.3d 1252, 1262 (3d Cir.1995) ("[T]he fundamental requirements of due process—notice and an opportunity to respond—must be afforded before any sanction is imposed.").

Accordingly, I am constrained to conclude that the bankruptcy court abused its discretion by failing to give notice to Newman before the hearing that it was considering sanctioning him in the full amount of his fee request on the grounds that he had failed to investigate adequately before filing the petition. Upon remand, the bankruptcy court is free to reconsider the issue of sanctions after permitting Newman a reasonable opportunity to be heard. *See, e.g., In re Stein,* 127 F.3d at 295 (permitting remand for reconsideration of Rule 9011 sanction following notice and opportunity to be heard). The hearing required by due process need not be an evidentiary hearing, but instead must amount to a fair opportunity to be heard on the issue of sanctions. *Id.; Kula,* 213 B.R. at 742–43;

*Busy Beaver,* 19 F.3d at 846. *See also In re Pfleghaar,* 215 B.R. 394, 397 (8th Cir. BAP 1997) (on remand, counsel is on notice of the court's concerns and is entitled only to a hearing "appropriate in the particular circumstances").[1]

### C. *Amount of Fee Award*

As previously noted, the bankruptcy court issued an alternative holding, in the event this court were to conclude that the bankruptcy court had abused its discretion in denying all fees. The bankruptcy court held that only 19.5 hours of the requested 42.5 hours could be considered reasonable. The bankruptcy court further concluded that Newman was entitled to $100 per hour for that work, rather than the $150 per hour he requested.

Newman contends that the bankruptcy court's fee determination is flawed for two reasons. First, the determination applied the wrong legal standard because it failed to determine the lodestar amount for reasonableness, or to apply the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). I disagree.

 In determining the amount of fees to be awarded, the bankruptcy court has the obligation to examine the propriety of the fees and expenses requested, even if no objections are raised. *In re Bush,* 131 B.R. 364 (Bankr.W.D.Mich.1991). The bankruptcy court is required to independently review the fee petition. *In re Huhn,* 145 B.R. 872 (W.D.Mich.1992). The court has the obligation to prevent overreaching by attorneys and to avoid waste of estate assets. *Id.*

 The language of 11 U.S.C. § 330(a)(4)(B) authorizes the recovery of "reasonable compensation . . . based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." In determining what fee is reasonable, the court must first determine the lodestar amount calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended performing necessary legal work. *See In re Boddy,* 950 F.2d 334, 337 (6th Cir.1991) ("The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees.").

 In the instant case, the bankruptcy court unquestionably applied the lodestar method of fee calculation. The court reviewed each of the billed hours itemized by Newman and granted, reduced or disallowed those hours for reasons expressly stated on the record. In his brief on appeal, Newman identifies no specific items improperly denied or reduced. Indeed, Newman does not dispute the number of hours to be compensated, noting only that the bankruptcy judge erroneously described some of Newman's work drafting his own pleadings as secretarial. I have reviewed each of the proposed entries and find no error in the reasoning applied by the bankruptcy judge to individual billing entries. I therefore conclude that the bankruptcy judge's factual determinations regarding the number of reasonable hours are not clearly erroneous.

Newman next contends that the bankruptcy judge impermissibly reduced his hourly rate from $150 per hour to $100 per hour, a rate Newman contends is out of line with the usual rate awarded in bank-

---

1. Although Newman requests that the matter be remanded to a different bankruptcy judge, no basis exists for concluding that the bankruptcy judge will not fairly and impartially resolve the sanctions issue, should he conclude that a sanction hearing is appropriate. *See In re Peterson,* 251 B.R. 359 (8th Cir. BAP 2000) (no due process violation in fact that applicant for fees had to convince court in second hearing that disallowance of fees was not warranted); *In re Big Rivers Elec. Corp.,* 252 B.R. 393 (W.D.Ky.2000) (remanding to bankruptcy court after reversing sweeping reduction of fees without notice and opportunity to be heard).

738

ruptcy cases since 1997. In support of this assertion, Newman has included in the record orders issued in this district which granted Newman's fee applications.

In essence, Newman argues that having once been determined to have rendered services worth $150 per hour, he is always entitled to reimbursement at that rate regardless of his future performance. I disagree.

In this instance, the bankruptcy judge considered the manner in which Newman performed the legal services rendered on this case. The bankruptcy court found numerous inefficiencies and inexpert performance of services. The court found that Newman's quality of performance was at the level of an associate attorney, involving repeated "spinning of wheels" rather than expertise. As a consequence, the bankruptcy judge determined that hourly compensation should not exceed the level that would be awarded such associates, or $100 per hour. Despite Newman's objections, the specific findings of the bankruptcy judge are not clearly erroneous and the total amount of fees does not amount to an abuse of discretion.

Accordingly, the bankruptcy judge's alternative holding is affirmed.

## III.

For the foregoing reasons, the court concludes that the bankruptcy judge's refusal to award fees was rendered without adequate notice to Newman of the potential for sanctions. As a consequence, the bankruptcy judge's denial of all fees constituted an abuse of discretion. The bankruptcy judge's alternative finding of $1,950 in attorney fees and $368.64 in expenses is affirmed as reasonable.

Accordingly, the matter is remanded to the bankruptcy court to, in the exercise of its discretion, either conduct a hearing upon notice to Newman of his arguably sanctionable conduct under FED.

R.BANKR.P. 9011 or award fees as previously determined to be reasonable.