United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30949

_____

In The Matter Of:  HAMPTON VILLAGE, INC.

Debtor.

------------------

DWIGHT SMITH; ATLAS ASSOCIATES,

Appellants-Cross-Appellees,

versus

JOHN HAAS WEINSTEIN,

Appellee-Cross-Appellant.

_____

In The Matter Of:  HAMPTON VILLAGE, INC.

Debtor.

------------------

DWIGHT SMITH; ATLAS ASSOCIATES,

Appellants-Cross-Appellees,

versus

H. KENT AGUILLARD,

Appellee-Cross-Appellant.

Appeals from the United States District Court for
the Middle District of Louisiana
(USDC No. 03-CV-212-D)
_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

REAVLEY, Circuit Judge:*

　　We affirm the district court's ruling which affirmed the bankruptcy court's order

granting in part the fee applications, for the following reasons:

　　1.  We apply the same standards of review to a bankruptcy court decision that the

district court applies.  In re Pro-Snax Distributors, Inc., 157 F.3d 414, 419-20 (5th Cir.

1998).  A bankruptcy court has broad discretion in granting or denying applications for

attorney's fees.  In re Prudhomme, 43 F.3d 1000, 1003-04 (5th Cir. 1995).  We review its

ultimate decision approving attorney's fees for abuse of discretion and its underlying fact

findings for clear error.  In re Anderson, 936 F.2d 199, 203 (5th Cir. 1991).

　　2.  Appellants do not persuade us that the bankruptcy court abused its discretion in

awarding some but not all fees requested by Appellees John Weinstein and H. Kent

Aguillard (the Attorneys).  Regarding to the alleged nondisclosures and conflicts of

interest, the bankruptcy court found that "there was a discussion early on in the case

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during a status conference about the way in which Mr. Weinstein and Mr. Aguillard were going to get paid and I do recall a discussion that Mr. Shaffet[t] was going to be a player in that equation at some point." The court noted that while "disclosures could have been clearer at the commencement of the case," the representation that a retainer had come from Richard Shaffett rather that Shaffett, Inc. was to some extent a "red herring." We essentially agree with the bankruptcy court's analysis concerning the retainer payments and the guaranty and appellants do not persuade us that the court's order was based on a clearly erroneous determination of relevant facts or a misunderstanding of the relevant law. See Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994) ("A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."). In particular, we agree with the courts below insofar as they recognized that in a case such as this one, where the debtor is a closely held corporation, some overlap of interests between the shareholder, Mr. Shaffett, and the closely held corporations (Shaffett, Inc. and the debtor, Hampton Village, Inc.) is unavoidable and should be assumed by the parties. The bankruptcy court correctly noted that in these circumstances the shareholder is necessarily the client contact for debtor's counsel. And as the district court aptly noted in summarizing the bankruptcy court's reasoning, "it is the nature of small Chapter 11 cases that the interest of the debtor and the interest of the debtor's principal are parallel and the Appellees, as the debtor's counsel, acted prudently and properly when they advised Mr. Shaffett to retain independent counsel."

3

3.  In this context, we think the question of whether the Attorneys conferred a benefit on the estate under Pro-Snax is a mixed question of law and fact, subject to abuse of discretion review, and appellants do not persuade us that the bankruptcy court abused its discretion in concluding that the Attorneys had conferred a benefit on the estate sufficient to justify an award of some fees.

4.  To the extent that the district court remanded to the bankruptcy court the essentially clerical matter of whether Weinstein's fee application and the fees awarded to him properly reflected all the deductions previously ordered by the bankruptcy court, we agree with the district court that this issue is best remanded to the bankruptcy court, and to ensure that this issue is not left in a legal limbo by this appeal, we also remand it to the bankruptcy court.

5.  The Attorneys argue that they are entitled to fees for their efforts in defending their fee award on appeal.  The bankruptcy court did not squarely rule on this question, but did rule that under Pro-Snax it could not "allow any time, even application time, for time spent after appointment of the Chapter 11 Trustee."  The Attorneys did not bring a cross appeal to the district court by filing a notice of appeal in the bankruptcy court.  We will not consider an issue that was not preserved for appeal to the district court.  See FED. R. BANKR. P. 8001(a) (establishing prerequisite of filing notice of appeal to bring appeal of bankruptcy court order to district court).  However, the bankruptcy court may reconsider this issue on remand if it chooses.  The bankruptcy court may also consider the related question of whether the Attorneys are entitled to fees incurred in litigating the

4

appeals to the district court and this court. We do not believe that this question was squarely decided by <u>Pro-Snax</u>.

Accordingly, the district court's ruling is AFFIRMED, and final fee orders are REMANDED for such further proceedings, consistent with this opinion, as the bankruptcy court deems necessary.