113 F.3d 1040
 37 Collier Bankr.Cas.2d 1596, 30 Bankr.Ct.Dec. 1041,
Bankr. L. Rep. P 77,372,
97 Cal. Daily Op. Serv. 3533,
97 Daily Journal D.A.R. 6045
 In re Eric Alden LEWIS, Debtor.
LAW OFFICES OF NICHOLAS A. FRANKE, Appellant,
v.
Marcy J.K. TIFFANY, U.S. Trustee, Central District of
California; Eric Alden Lewis; Duke Salisbury,
Chapter 11 Trustee, Chapter 11/7;
Robert O. Ruder; First
Professional Bank, Appellees.
 No. 95-56465.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided May 12, 1997.
 
 Nicholas A. Franke, Los Angeles, California, for appellant.
 Paul W. Bridenhagen, Washington, D.C., for appellees.
 Appeal from the United States District Court for the Central District of California, Richard A. Paez, District Judge, Presiding. D.C. No. CV-94-01929-RAP.
 Before: PREGERSON, REINHARDT and WIGGINS, Circuit Judges.
 OPINION
 WIGGINS, Circuit Judge:
 
 
 1
 The Law Offices of Nicholas A. Franke ("Franke") appeals from the bankruptcy court's order mandating the disgorgement of approximately $37,000 received for services to be provided in a bankruptcy proceeding. The district court affirmed. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 BACKGROUND
 
 2
 Faced with mounting financial difficulties, Dr. Eric Alden Lewis ("Lewis") sought legal assistance from Franke, which agreed to represent Lewis in bankruptcy proceedings for a retainer of $40,000. Lewis made a $10,000 payment and agreed to pay the balance. On November 20, 1992, Lewis filed a voluntary petition under chapter 11 of the Bankruptcy Code.
 
 
 3
 Franke claims that it submitted an employment application for Lewis's case on December 10, 1992 to the Office of the United States Trustee ("U.S. Trustee") pursuant to the Central District's Local Bankruptcy Rules. The U.S. Trustee reviews applications for employment and then files them with the bankruptcy court, making comments or objections where appropriate. Franke cannot, however, provide any evidence to substantiate its claim that it submitted an employment application in December 1992. The U.S. Trustee has no record of receiving Franke's application, and no application was filed with the bankruptcy court.
 
 
 4
 At the time he filed his bankruptcy petition, Lewis was employed as a cosmetic surgeon by Eric A. Lewis, M.D., Inc. ("Medical Corporation"). Lewis was the only surgeon employed by the Medical Corporation. After Lewis filed for bankruptcy, the Medical Corporation made the following payments to Franke, discharging Lewis's remaining $30,000 obligation:
 
 
 5
 Date Amount
12/9/92 $ 5,000
12/15/92 $ 5,000
1/25/93 $10,000
4/18/93 $ 3,000
6/9/93 $ 7,000
 
 
 6
 According to Franke and Lewis, these payments made on Lewis's behalf represented Lewis's compensation for services performed for the Medical Corporation.
 
 
 7
 On January 10, 1993, Franke filed with the bankruptcy court a Rule 2016(b) statement disclosing its receipt of $20,000 in compensation for services rendered. The disclosure statement also indicated that Lewis owed an additional $20,000.
 
 
 8
 When Franke was unable to locate an approved employment application on the bankruptcy court's docket sheet during a review several months later, Franke learned that its employment application had not been submitted to the bankruptcy court. Franke then submitted a new employment application on July 10, 1993 seeking employment retroactive to the date of the petition. In this application, Franke indicated that it had received a $40,000 pre-petition retainer. The U.S. Trustee objected to Franke's application, expressing concern about the $40,000 retainer. Specifically, the U.S. Trustee noted that despite several months of proceedings Franke had failed to account for any draw from the retainer.
 
 
 9
 Before the hearing on Franke's application, the bankruptcy court granted the U.S. Trustee's motion to appoint a Chapter 11 Trustee for Lewis's bankruptcy estate. Then, at a subsequent hearing, the bankruptcy court tentatively approved Franke's application in part despite objections from the Chapter 11 Trustee as well as various creditors. However, the bankruptcy court ordered Franke to remit to the Chapter 11 Trustee any funds held on Lewis's account until the proper disposition of those funds could be made. Also, because of lingering uncertainty about the source of the funds Franke had received and the timing of those payments, the bankruptcy court ordered Franke to provide an accounting of all funds it had received on Lewis's behalf.
 
 
 10
 Shortly thereafter, Franke paid $6,636.15 to the Chapter 11 Trustee, representing the $10,000 Franke received pre-petition less $3,363.85 for pre-petition services and expenses. Franke also submitted its accounting of funds received from Lewis. Franke's accounting showed that it had received $10,000 from Lewis pre-petition and an additional $30,174 post-petition.[1]
 
 
 11
 After reviewing these materials, the bankruptcy court concluded that there was no evidence that Franke had submitted an employment application in December 1992. The bankruptcy court also found that Franke had misrepresented the timing of the payments received from Lewis in its July 1993 employment application. Further, the bankruptcy court found that Franke had deliberately delayed filing its employment application for several months until it had received the entire $40,000 retainer in order to avoid the stringent controls on post-petition retainers.
 
 
 12
 Therefore, the bankruptcy court ordered Franke to disgorge the remaining retainer he held on Lewis's account. The bankruptcy court stated its reasons for this decision as follows:... I conclude that this attorney, Mr. Franke, has conducted himself in this manner in derogation of the requirements of the Code and rules, and that the order approving his retention should be vacated and that disgorgement should be required of the balance of the $30,000 and change that he has otherwise received. I will allow the 3300 odd dollars that was applied to the prepetition portion of the services rendered to be retained. It appears that that's a reasonable amount and that should be treated as a[n 11 U.S.C. s] 329 payment. But under the circumstances, I find the course of conduct here to be in shocking disregard of the procedures under the Code and the rules that are intended to monitor and regulate the payment and disbursement of monies to professional who are officers of this Court and fiduciaries of the bankruptcy system.
 
 
 13
 ...
 
 
 14
 ... The balance of the sixty-six odd hundred dollars that has already been received by the trustee should be added to the segregated account, that the $30,000 of post-petition retainer monies that were received be returned to the Chapter 11 Trustee in the individual case, in addition to the hundred and seventy-four dollars that were received.... Those funds should be added to that.... They were not retainer funds, they must have been reimbursement of expenses or something, but they were not authorized by the Court.... And that all of those funds should be repaid within 60 days ... with disposition pending further Court order.
 
 
 15
 Transcript of December 1, 1993 Hearing at 12-13, 21-22.
 
 
 16
 Franke appealed. The district court affirmed the bankruptcy court's order, finding that the circumstances in this case warranted disgorgement of both pre-petition and post-petition funds. Franke now appeals to this court.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 17
 We review the bankruptcy court's decision independently of the district court's decision. In re Park-Helena Corp., 63 F.3d 877, 880 (9th Cir.1995), cert. denied 516 U.S. 1049, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Id. The bankruptcy court's decision about the proper amount of attorney's fees to be awarded is reviewed for an abuse of discretion. Id.
 
 II. JURISDICTION
 
 18
 Under 28 U.S.C. § 158(d), we have jurisdiction of appeals from "all final decisions, judgments, orders, and decrees" entered under 28 U.S.C. § 158(a), which in turn gives the district court jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. A bankruptcy court order is final and thus appealable "where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." In re Frontier Properties, Inc., 979 F.2d 1358, 1363 (9th Cir.1992). Although this finality rule is given additional flexibility in the bankruptcy proceedings context, traditional finality concerns nonetheless dictate that " 'we avoid having a case make two complete trips through the appellate process.' " Id. (quoting In re Vylene Enters., 968 F.2d 887, 895 (9th Cir.1992).
 
 
 19
 The district court concluded that the bankruptcy court's disgorgement order was a final order, concluding that Franke was appealing only that part of the order which ordered disgorgement. Characterizing the order as a disgorgement order under 11 U.S.C. § 329, the district court relied on In re Occidental Fin. Group, 40 F.3d 1059, 1061 (9th Cir.1994), where this court reviewed such a disgorgement order on the merits.
 
 
 20
 In comparison to In re Occidental, however, this case presents a more complicated finality problem. Although the bankruptcy court ordered Franke to disgorge the funds, the court ordered the funds held by the Chapter 11 Trustee "with disposition pending further court order."[2] A party aggrieved by the ultimate disposition of these funds could file a second appeal.
 
 
 21
 Nevertheless, the disgorgement order is sufficiently final regarding Franke's right to keep these funds. The bankruptcy court has not indicated any possibility that this money will be returned to Franke. Accordingly, although we conclude that the bankruptcy court's disgorgement order is final and thus appealable, we do so only to the extent that Franke is challenging the order to disgorge the funds, not the disposition of those funds.
 
 
 22
 III. THE BANKRUPTCY COURT'S AUTHORITY TO ORDER THE DISGORGEMENT
 
 
 23
 As an initial matter, we note what is not at issue. With respect to the $6,636.15 in pre-petition funds which the bankruptcy court ordered disgorged, Franke recognizes that the bankruptcy judge made the appropriate findings under 11 U.S.C. § 329 and concedes that disgorgement was proper.
 
 
 24
 However, with respect to the $30,174 received post-petition which the bankruptcy court ordered disgorged, Franke contends that the bankruptcy court had authority to order disgorgement of these funds only under § 329. Because the bankruptcy judge did not find that these funds were excessive, Lewis contends that the bankruptcy court exceeded its authority. We must decide whether the bankruptcy court acted within its authority when it ordered the disgorgement of the $30,174 Franke received from Lewis.
 
 Section 329 provides as follows:
 Debtor's transactions with attorneys
 
 25
 (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
 
 
 26
 (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
 
 
 27
 (1) the estate, if the property transferred--
 
 
 28
 (A) would have been property of the estate; or
 
 
 29
 (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
 
 
 30
 (2) the entity that made such payment.
 
 
 31
 Bankruptcy Rule 2016 implements § 329. Fed.R.Bankr.P. 2016 advisory committee's note. Rule 2016(b) provides as follows:
 
 
 32
 (b) Disclosure of Compensation Paid or Promised to Attorney for Debtor. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.
 
 
 33
 Fed.R.Bankr.P. 2016(b). Thus, under § 329 and Rule 2016(b), Franke had a duty to disclose any and all payments it received from Lewis.
 
 
 34
 Franke filed a Rule 2016(b) statement on January 10, 1993, in which it disclosed that it had received from Lewis $20,000 and that $20,000 was still owed by the debtor. Franke did not file supplemental Rule 2016(b) statements after receiving payments from the Medical Corporation in January, April, and June. Thus, Franke violated its duty under Rule 2016(b) to disclose any compensation not previously disclosed. In addition, Franke's July 1993 employment application stated that it had received a $40,000 pre-petition retainer. That statement was false; Franke had in fact received $30,000 of the retainer post-petition. Thus, Franke committed two violations: (1) it failed to meet Rule 2016(b)'s requirements with respect to payments received after January 10, 1993; and (2) it presented false information in its application for employment under § 327 and Rule 2014(a).
 
 
 35
 We have recently considered the effect of a similar transgression in In re Park-Helena Corp., 63 F.3d 877, 882 (9th Cir.1995). There, the attorneys for the debtor failed to disclose that they had received a $150,000 pre-petition retainer from the debtor's principal shareholder rather than the debtor itself. We held that this failure constituted a violation of Section 329 and Rule 2016. Id. at 881. After noting that "[e]ven a negligent or inadvertent failure to disclose fully relevant information [in a Rule 2016 statement] may result in a denial of all requested fees," id. at 882, we concluded that the bankruptcy court was within its discretion when it refused to approve the entire amount. Id. (citing In re Hathaway Ranch Partnership, 116 B.R. 208, 220 (Bankr.C.D.Cal.1990); In re Crimson Invs., 109 B.R. 397, 402 (Bankr.D.Ariz.1989)).
 
 
 36
 Although we did not explicitly so recognize in In re Park-Helena, the bankruptcy court's authority to deny completely these attorney's fees was grounded in the inherent authority over the debtor's attorney's compensation. The Bankruptcy Code contains a number of provisions (e.g., §§ 327, 329, 330, 331) designed to protect the debtor from the debtor's attorney. See, e.g., In re Walters, 868 F.2d 665, 668 (4th Cir.1989) (noting that § 329 and Rule 2017 are designed to protect the creditors and the debtor against overreaching by attorney). As a result, several courts have recognized that the bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of these provisions. See, e.g., In re Downs, 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); Matter of Prudhomme, 43 F.3d 1000, 1003 (5th Cir.1995) ("Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); In re Chapel Gate Apartments, Ltd., 64 B.R. 569, 575 (Bankr.N.D.Tex.1986) ("Indeed, a failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring the return of sums already paid.").
 
 
 37
 We agree with these courts, and so we have little difficulty in rejecting Franke's argument that the bankruptcy court's disgorgement order must be reversed because the court made no findings of excessiveness under § 329(b). An attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules gives the bankruptcy court the discretion to order disgorgement of attorney's fees. In reaching this conclusion, we do not mean to say that the excessiveness or reasonableness of those fees is irrelevant in all cases; in appropriate circumstances, a bankruptcy court should inquire into these subjects as part of deciding whether and to what extent to order disgorgement. See, e.g., In re Film Ventures Int'l, Inc., 75 B.R. 250, 253 (9th Cir. BAP 1987).
 
 
 38
 A bankruptcy court must be able to rely on the veracity of the representations made by an attorney in an application for employment. A bankruptcy court must be certain that an attorney who has filed a Rule 2016(b) statement will supplement that statement if further compensation is received. Here, the bankruptcy court was able to do neither. Not only did Franke fail to supplement its Rule 2016(b) statements, but Franke included a false statement in its application for employment.
 
 
 39
 In light of Franke's transgressions, we cannot conclude that the bankruptcy court clearly erred when it concluded as a factual matter that Franke acted with "complete disregard" for the procedures and requirements of the Bankruptcy Rules and the Bankruptcy Code. Having reached that conclusion, the bankruptcy court had discretion over whether to permit Franke to receive any fees at all, regardless of their excessiveness or reasonableness. See In re Park-Helena, 63 F.3d at 882. Given the gravity of Franke's transgressions, an inquiry into the appropriate amount of the fee was not required, and the bankruptcy court did not abuse its discretion.
 
 
 40
 Franke's attempt to draw a distinction based upon the source of the post-petition payments is unavailing. The bankruptcy court may order the disgorgement of any payment made to an attorney representing the debtor in connection with a bankruptcy proceeding, irrespective of the payment's source. See, e.g., In re Walters, 868 F.2d at 668 ("[A]ny payment made to an attorney for representing a debtor in connection with a bankruptcy proceeding is reviewable by the bankruptcy court notwithstanding the source of payment."); In re Crimson Invs., 109 B.R. at 400 ("The Bankruptcy Court may order the return to the Debtor of any payment made to an attorney representing the Debtor or in connection with a bankruptcy proceeding, irrespective of the source of payment.").
 
 
 41
 Franke also argues that the bankruptcy court erred in ordering the funds be disgorged to the Chapter 11 Trustee. To the extent Franke seeks to challenge the ultimate disposition of those funds, the bankruptcy court's order is not final and thus not appealable. Otherwise, to the extent Franke seeks to challenge the fact that the order directs the Chapter 11 Trustee to hold these funds pending their disposition, its argument is meritless because the Chapter 11 Trustee is an appropriate interim holder until the bankruptcy court rules with regard to the ultimate disposition of those funds.
 
 
 42
 The bankruptcy court's disgorgement order is AFFIRMED.
 
 
 
 [1]
 Franke received two checks totalling $174 from Lewis personally in addition to the $30,000 it received from the Medical Corporation
 
 
 [2]
 Earlier in the hearing, the bankruptcy judge indicated that the funds would be turned over to either Lewis personally or the bankruptcy estate:
 I find either the debtor or the estate is entitled to get that money back....
 ...
 It only changes who gets, ultimately, those funds back, whether it's the debtor or whether it's this estate that gets the benefit of those funds.