**In re Randi S. BELL, Debtor.**

**In re Robert MEYER, Debtor.**

**Bankruptcy Nos. 91–92058, 91–92059.**

United States Bankruptcy Court,
E.D. California,
Modesto Division.

Sept. 5, 1997.

Michael F. Babitzke, Stockton, CA, for fee applicant.

Edmund Gee, Fresno, CA, for United States Trustee.

### MEMORANDUM DECISION

MICHAEL S. McMANUS, Bankruptcy Judge.

Before the court are motions to approve compensation previously paid to counsel for the debtors in two related chapter 13 cases. The two debtors, Robert Meyer and Randi Bell, are former spouses.

#### I. Factual Background

On June 14, 1991, both debtors filed chapter 13 petitions. In October 8, 1992, both cases were converted to chapter 11. On April 4, 1994, both cases were converted to chapter 7.

Counsel represented both debtors during the pendency of their chapter 13 and 11 cases. He acknowledges receiving a total of $6,800.00 ($3,300.00 from Ms. Bell in November 1992, and $3,500.00 from Mr. Meyer in March 1993) for work performed during the chapter 13 cases. This compensation, however, was paid after conversion of the cases to chapter 11.

While counsel admits receiving the $6,800.00 after conversion of the cases to chapter 11, his invoices also reflect earlier payments of $120.00 in March 1992 and $1,265.25 in July 1992 during Ms. Bell's chapter 13 case. The $1,265.25 was transferred

to counsel by an attorney representing the purchaser of property from Ms. Bell's estate. Given this nexus to the property of the estate, the court concludes that the $1,265.25 was also property of the estate.

The court finds that counsel received a total of $8,185.25 ($3,500.00 + $3,300.00 + $120.00 + $1,265.25) for representing the debtors in their chapter 13 cases. Counsel received $1,385.25 during the pendency of the chapter 13 cases, and $6,800.00 after the cases were converted to chapter 11.[1]

## II. Discussion

■ The court disallows all compensation for counsel's representation of the debtors in their chapter 13 cases. This disapproval is based upon counsel's failure to comply with Fed.R.Bankr.P.2016(b) and 11 U.S.C. § 329(a), and the fact that the fees are not reasonable as required by 11 U.S.C. §§ 329(a) and 330(a).

### A.

While there is no requirement that the court approve the employment of an attorney representing a chapter 13 debtor, the attorney is required to comply with Fed.R.Bankr. P.2016(b) and 11 U.S.C. § 329(a). Section 329(a) requires a debtor's counsel to:

> "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."

11 U.S.C. § 329(b). Rule 2016(b) requires that the statement be filed within fifteen days of the order for relief. Further, the statement must be supplemented within 15 days after any payment or agreement not previously disclosed. Fed.R.Bankr.P. 2016(b).

Counsel for the debtors did not file a Rule 2016(b)/Section 329(a) statement within fifteen days of the chapter 13 petitions. Nor did he file statements within 15 days of receiving the four payments of $120.00, $1,265.25, $3,300.00, and $3,500.00.[2]

On November 19, 1992, after conversion of both cases to chapter 11, counsel filed a statement in each case which disclosed: "[p]rior to the filing of this disclosure statement, the debtor in this case has paid to the undersigned the sum of $0.00".[3] As to Ms. Bell, this was inaccurate—it failed to acknowledge receipt of $1,385.25 from or on behalf of Ms. Bell.

Each statement also stated, in response to a question regarding the debtors' agreement to pay compensation, "Not Applicable". This was inaccurate given counsel's subsequent receipt of $3,300.00 from Ms. Bell later in November 1992, and $3,500.00 from Mr. Meyer in March 1993.[4]

In chapter 11 disclosure statements filed on May 13, 1993, there was a passing reference to compensation paid to counsel: "The debtor has held [funds received from the former chapter 13 trustee] in a Chapter 11 bank account with the exception of a $3,500.00 disbursement to [counsel]." This disclosure was incomplete and ambiguous at best. It does not state that the $3,500.00 was paid as compensation for services ren-

---

1. This memorandum decision does not address whether counsel is entitled to compensation as counsel for the debtors-in-possession in their chapter 11 cases. The court's July 28, 1997, memorandum decision deals with counsel's chapter 11 compensation; the discussion of his chapter 13 compensation, however, is supplanted by this memorandum decision.

2. Counsel received $3,300.00 from Ms. Bell in November 1992. The documentary evidence does not reveal the exact date of. payment. Counsel testified, however, in his Supplemental Declaration filed July 23, 1997, that the $3,300.00 was received after the November 19, 1992, Rule 2016(b)/Section 329(a) statement.

Therefore, the court finds that it was paid after the statement was filed. The statement should have been amended within 15 days of the payment. Fed.R.Bankr.P.2016(b).

3. The statement filed in Mr. Meyer's case disclosed reimbursement of a $120.00 case filing fee. This payment is not reflected in counsel's billing statements. His billing statements recorded payment from Ms. Bell of a $120.00 filing fee, but this is not disclosed in the Rule 2016(b)/Section 329(a) statement filed in her case.

4. See footnote 2.

dered during chapter 13 cases. It is also unclear whether $3,500.00 was received in each case or $3,500.00 was received for both cases. Either interpretation is not accurate. Ms. Bell paid counsel $120.00 in March 1992, $1,265.25 in July 1992, and $3,300.00 in November 1992. Mr. Meyer paid him $3,500.00 in March 1993.

■ More fundamentally, a general reference to fees in a document filed late in a case is not an acceptable substitute for an accurate and timely Rule 2016(b)/Section 329(a) statement which is amended after later receipt of additional compensation. *In re Lewis,* 113 F.3d 1040, 1044–1046 (9th Cir.1997).

■ The failure to comply with Rule 2016(b)/Section 329(a) is particularly significant in chapter 13 cases because the court does not approve the employment of a chapter 13 debtor's counsel. *See In re Fricker,* 131 B.R. 932, 939–941 (Bankr.E.D.Pa.1991). Review of the Rule 2016(b)/Section 329(a) statement enables the court or interested parties to determine if it is appropriate to set a hearing pursuant to 11 U.S.C. § 329(b) to consider cancelling the fee agreement or ordering disgorgement of the fees. 11 U.S.C. § 329(b); Fed.R.Bankr.P.2017.

A review of the court files reveals that both debtors appeared in propria persona during a significant portion of their chapter 13 proceedings. The petitions, schedules, plans, and pleadings contain no reference to an attorney of record. And while counsel appeared on behalf of the debtors in connection with one motion, he did not file a substitution of attorney in either case.

■ The evidence, however, suggests that counsel represented the debtors from the date they filed their chapter 13 petitions.[5] For some unstated reason, counsel chose to keep his name off the pleadings. If counsel believed that "ghost writing" the chapter 13 pleadings for the debtors obviated compliance with Rule 2016(b) and Section 329(a), he was mistaken. Whether or not a debtor's counsel appears "of record" in a bankruptcy

case, he or she must comply with Rule 2016(b) and Section 329(a).

■ Finally, in 1991, in a typical chapter 13 case, this court rarely approved compensation of more than $1,000.00. There is nothing in either of these cases to suggest that compensation in excess of this amount was justified. Further, given that identical pleadings were filed in each case, the court would not have awarded $1,000.00 for each petition. Total compensation of $1,500.00 would have been reasonable. But as a sanction for counsel's failure to comply with Rule 2016(b) and Section 329(a), no compensation will be permitted. *See In re Lewis,* 113 F.3d at 1045–1046.

### B. Conflict of Interest

■ Not only did counsel fail to comply with Rule 2016(b) and Section 329(a), he also had a conflict of interest. Counsel owned real property (147 Stirling Court, Stockton, California) in which each debtor had an interest. In connection with this fee application, counsel disclosed that prior to the chapter 13 petitions and as an accommodation to his clients, counsel borrowed money from a lender, purchased the house, gave the lender a security interest in the house, and permitted the debtors to occupy the house in return for making the loan payments. If the debtors repay the loan, counsel will deliver legal title to them.

Once the debtors filed their petitions, these facts presented counsel with a clear conflict of interest. He held a contingent claim against the debtors—if the debtors failed to repay the loan and counsel repaid it, he could have demanded reimbursement from the debtors. Even if counsel never sought reimbursement from the debtors, he could have conceivably claimed the house or some interest in it as his own. Or, at a minimum, if the lender were allowed to foreclose, the foreclosure would reflect poorly on counsel's credit record.

While counsel may argue the conflict never ripened into an actual conflict, counsel's rep-

---

5. Counsel appeared at all hearings for the debtors and the pleadings appear to have been pre-

pared by counsel and his office staff.

resentation of the debtors nonetheless implicated his legal, business, and financial interests and could have influenced the advice he gave to the debtors.

California law prohibits an attorney from representing a client without first providing a written disclosure of any legal, business, or financial interest in the matter of the representation. Cal. Prof. Conduct Rule 3–310(B)(4). While there is no evidence that counsel elevated his interests above those of his clients, neither is there evidence that counsel gave the written disclosures required by Rule 3–310.

█ Although 11 U.S.C. § 327(a) may impose more stringent requirements on professionals who represent trustees and debtors-in-possession, nothing in the Bankruptcy Code relieves an attorney for a chapter 13 debtor from complying with the state rules of professional conduct. *Cf. In re Perry*, 194 B.R. 875, 880–881 (E.D.Cal.1996).

### C. Disgorgement of Fees

The court not only denies all requests for compensation, but orders that counsel disgorge all compensation for his failure to comply with Rule 2016(b) and Section 329(a). Counsel's failure to comply with the rules and the Bankruptcy Code, compounded by his conflict of interest, warrants the sanction of denial of compensation and disgorgement. *In re Lewis*, 113 F.3d at 1044–1045; *In re Park–Helena Corp.*, 63 F.3d 877, 882 (9th Cir.1995).

### D. Timeliness of Objection

Counsel erroneously asserts that the two-year period to commence actions to avoid unauthorized post-petition transfers bars the United States Trustee from requesting disgorgement. *See* 11 U.S.C. § 549(d). Section 549, however, does not form the basis of this ruling. The fees are ordered disgorged as a sanction. This is not the exercise of an avoiding power.

█ Rule 2017 and Section 329(b) recognize that the debtor, the United States Trustee, or the court may bring a motion to compel an attorney to disgorge fees if they are excessive. Fed.R.Bankr.P.2017 and 11 U.S.C. § 329(b). Whether or not excessive, the court also has the inherent power to order the disgorgement of post-petition fees when the professional fails to comply with the reporting and disclosure requirements of Section 329(a) and Rule 2016(b). *In re Lewis*, 113 F.3d at 1044–1045.

█ Neither Rule 2017, nor Section 329(b), nor the court's inherent power is subject to a two-year limitation period. And if there were such a limitation period, it would be tolled in this case due to counsel's failure to make the timely disclosures required by Rule 2016(b) and Section 329(a).

### III.  Conclusion

The requests for compensation and expense reimbursement are denied. All compensation and expense reimbursement previously paid to counsel, a total of $8,185.25, shall be disgorged. Counsel shall pay $3,500.00 to Mr. Meyer's chapter 7 trustee and shall pay the balance to Ms. Bell's chapter 7 trustee.

Appropriate orders have issued.