In re WHALEY, Korrine Alisa, Debtor.

No. 00–03860–6J7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 6, 2002.

---

Andrew Baron, Orlando, FL, for debtor.

Kenneth D. Herron, Jr., Orlando, FL, Chapter 7 Trustee.

*ORDER GRANTING TRUSTEE'S MO-TION FOR EXAMINATION OF DEBTOR'S TRANSACTIONS WITH DEBTOR'S ATTORNEY AND DI-RECTING DISGORGEMENT OF FEES*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on June 18, 2002, to consider the Trustee's Motion for Examination of Debtor's Transactions with the Debtor's Attorney (Doc. No. 45). The issue is whether debtor's counsel, An-drew Baron, should disgorge fees paid to him by the *debtor* after this case was filed.

The facts are undisputed. Mr. Baron received a retainer of $300 prior to filing this case as a Chapter 13 proceeding on May 19, 2000. During the pendency of the Chapter 13 case, he received additional compensation of $1,200. Mr. Baron appro-priately filed an Attorney Statement of Compensation (Doc. No. 2) listing these fees he had been or would be paid. By December 2001, Mr. Baron had received payments from the debtor totaling $1,500.

Unfortunately, the debtor could not make the payments required under her confirmed Chapter 13 plan. She decided to convert this case to a Chapter 7 liqui-dation case and filed a Notice of Conver-sion on February 8, 2002. The Court con-verted the case a few days later.

Before agreeing to file the Notice of Conversion, Mr. Baron requested and re-ceived an additional payment from the debtor of $515. At the hearing, he ex-plained that, of that total amount, $15 was intended to cover the additional trustee's surcharge imposed in Chapter 7 cases. The balance, $500, was intended to cover additional administrative notices, letters to the debtor, preparation of additional schedules in the event they were needed, and attendance at the meeting of creditors.

Mr. Baron later requested, but did not receive, yet another $200 from the debtor. Mr. Baron explained that he charges this extra amount if the debtor does not attend the initial 341 meeting scheduled in the converted Chapter 7 case and does not make arrangements to reschedule the meeting prior to the initially scheduled date. In this case, the debtor did not attend the first meeting of creditors set in her converted Chapter 7 case. Mr. Baron asked for the additional $200. The debtor did not pay this amount.

The debtor actually paid Mr. Baron $515 to convert the case. Of that amount, $15 went to pay the trustee's surcharge. No party challenges the appropriateness of the payment of the trustee's surcharge. Mr. Baron retained the remaining $500 but did not file any disclosure that he received these fees. The Chapter 7 trustee contends these additional fees are unreasonable and should be disgorged.

■ Section 329 of the Bankruptcy Code requires a debtor's attorney to disclose any compensation received in connection with a bankruptcy case. 11 U.S.C. Section 329. Bankruptcy Rule 2016 implements this disclosure requirement. Bankruptcy Rule 2016 specifically requires an attorney who received compensation after a case is filed to file a supplemental statement of disclosure "within fifteen days after any payment." The disclosure requirement applies to payments received within one year prior to the bankruptcy filing and for all payments received during the pendency of the case. Here, Mr. Baron received $500 after the case was filed and prior to February 8, 2002. He has never filed a supplemental disclosure as required by Section 329 and Bankruptcy Rule 2016.

■ Congress imposed mandatory fee disclosure requirements to prevent overreaching by debtor's attorneys and to give interested parties the ability to evaluate the reasonableness of the fees paid. Anticipating that courts would rely on the disclosures to monitor attorney fees paid by a debtor, Congress stated in its legislative history "payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." H.R.Rep. No. 95–595, at 329 (1977) *reprinted in* 1978 U.S.C.C.A.N 5787, 6285.

■ Disclosure of attorney compensation provides notice to all parties in interest of payments made by the debtor and gives interested parties the opportunity to object to any unreasonable fees paid to any particular attorney. *Hale v. United States Trustee (In re Basham)*, 208 B.R. 926, 931 (9th Cir. BAP 1997). The system only works if debtors' attorneys disclose all payments received from the debtors automatically and without reminding. Disclosure is mandatory, not permissive. *Byrne*, 208 B.R. at 931. Again, the duty to disclose extends not only to the initial payments received by the debtor's attorney but also to all undisclosed payments made to the attorney at anytime, either before or after the case is filed.

■ Voluntary compliance with the disclosure obligation is essential to maintain the efficacy of our bankruptcy system. *Mapother & Mapother v. Cooper (In re Downs)*, 103 F.3d 472, 480 (6th Cir.1996). Compliance is particularly necessary to the administration and disposition of Chapter 7 and Chapter 13 cases involving a voluminous number of relatively small individual cases. *In re Bell*, 212 B.R. 654, 657 (Bankr.E.D.Cal.1997). Because compliance is so important and because the number of filed cases is so large, courts must trust attorneys to follow the rules.

■ Attorneys who breach that trust by failing to disclose compensation should suffer strict and quick consequences that could include the imposition of sanctions or the disgorgement of all fees paid in the case. *In re Campbell*, 259 B.R. 615, 628 (Bankr.N.D.Ohio 2001); *Law Offices of Nicholas A. Franke v. Marcy J.K. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir.1997), *Byrne*, 208 B.R. at 931; *Downs*, 103 F.3d at 477. The particular sanction imposed should be "commensurate with the egregiousness of the conduct" and will

depend on the particular facts of each case. *Downs*, 103 F.3d at 479–480.

 Here, Mr. Baron violated his duty under Section 329 and Bankruptcy Rule 2016(b) to disclose the additional $500 he received from the debtor after this case was filed. Mr. Baron belatedly offers to formally disclose these unreported payments. His offer comes too late. The intentional failure to timely disclose fees received cannot later be cured by filing a statement of compensation, particularly after a party in interest, such as the trustee in this case, objects. If every attorney waited until he or she was caught to file a statement of disclosure, the entire concept of mandatory disclosure would become a farce. Professionals could breach the disclosure rules with impunity because no consequences would follow for noncompliance. For these reasons, Mr. Baron cannot now file a statement of compensation.

The issue then is whether Mr. Baron should disgorge only the undisclosed compensation of $500 or the entire amount he received from the debtor, $2,000. As to the $500 Mr. Baron failed to disclose, he certainly must return that amount to the debtor. No excuse exists for his refusal to comply with Section 329. As to the remaining $1,500 he received for services provided to the debtor during the Chapter 13 case, he initially and properly disclosed the receipt of this compensation and performed his legal tasks well. The Court confirmed the debtor's Chapter 13 plan of reorganization. The debtor's inability to make the payments needed under her plan does not alter the quality of legal services provided to her by Mr. Baron. Therefore, based on Mr. Baron's initial compliance with the disclosure rules and the clear benefit he gave to the debtor in the Chapter 13 case, the Court declines, at this time, to require him to disgorge the fees he initially received. However, if Mr. Bar-

on again fails to disclose compensation in another similar case or fails to disgorge the undisclosed $500 in this case, the Court likely would direct the disgorgement of *all* fees he received, not just those he failed to disclose.

 Lastly, because Mr. Baron is directed to repay the entire $500 additional payment, the Court makes no specific ruling on the reasonableness of the fees charged by Mr. Baron to convert the debtor's Chapter 13 case to Chapter 7 other than to comment that they appear unreasonable. All fees awarded in bankruptcy cases are subject to a review by the Court to determine reasonable compensation for actual and necessary services rendered by a professional in light of the various factors initially articulated by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974); 11 U.S.C. Section 330(a)(1)(A). Here, Mr. Baron received $500 and requested an additional $200 to perform ministerial work. The amount appears excessive for the time and labor required and the simplicity of the issues involved.

Accordingly, the Court grants the trustee's motion. Mr. Baron is directed to return the $500 he was paid after this case was filed to the debtor. In order to monitor compliance with this order, Mr. Baron shall forward to the trustee a check in the amount of $500 payable to the debtor. The trustee, in turn, is requested to forward the payment to Ms. Whaley. If Mr. Baron does not forward the required payment to the trustee within 15 days of the entry of this order, additional sanctions shall be awarded. A separate order consistent with this opinion shall be entered.