**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: EDRA D. BLIXSETH, Debtor, | No. 12-35299 |
| | D.C. No. 2:12-cv-00004-SEH |
| RICHARD JOSEPH SAMSON, as Chapter 7 Trustee of the Estate of Edra Blixseth, | MEMORANDUM[*] |
| Plaintiff - Appellee, | |
| v. | |
| TIMOTHY L. BLIXSETH; DESERT RANCH LLLP; DESERT RANCH MANAGEMENT LLC, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 26, 2013[**]
Seattle, Washington

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Timothy Blixseth, Desert Ranch LLLP, and Desert Ranch Management LLC (collectively, "Blixseth"), appeal from the district court's dismissal of Blixseth's appeal from the bankruptcy court's denial of abstention. We dismiss this appeal for lack of jurisdiction.

We do not have jurisdiction to hear interlocutory appeals in bankruptcy cases. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). Although the "finality rule is given additional flexibility in the bankruptcy proceedings context, traditional finality concerns nonetheless dictate that we avoid having a case make two complete trips through the appellate process." *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1043 (9th Cir. 1997) (internal quotation marks and citation omitted).

The bankruptcy court's denial of Blixseth's motion for abstention under 28 U.S.C. § 1334(c) is not a final order under 28 U.S.C. § 1291 or 28 U.S.C. § 158. It did not "end[] the litigation on the merits," *Catlin v. United States*, 324 U.S. 229, 233 (1945), nor did it "resolve[] and seriously affect[]" the parties' substantive rights, *In re Lewis*, 113 F.3d at 1043 (citation omitted). Because it may be reviewed after a final judgment has been entered, the decision not to abstain does

not qualify for immediate appeal under the collateral order doctrine.  *See Eastport Assoc. v. City of Los Angeles (In re Eastport Assoc.)*, 935 F.2d 1071, 1075 (9th Cir. 1991) ("Whatever prematurity existed in the City's original appeal of the decision not to abstain has been cured by the entry of a final judgment on the merits. . . . [O]nce a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable."); *cf. Confederated Salish v. Simonich*, 29 F.3d 1398, 1403 (9th Cir. 1994) ("On appeal from a final judgment, a court of appeals can review a district court's refusal to abstain under *Younger* [*v. Harris*, 401 U.S. 37 (1971)], without implicating the mootness doctrine, even though the district court has decided the merits of the case and all state proceedings have been completed.").  Blixseth has not demonstrated that the bankruptcy court's decision not to abstain would be effectively unreviewable on appeal from a final judgment or that he would otherwise be irreparably injured by waiting to appeal.

The appeal is DISMISSED.